REUBEN WITHERS, APPELLANT v. JOHN WITHERS, APPELLEE.

356

The case was argued by Mr Neal, for the appellant; and by Mr Key, for the appellee.

Mr Key, contra :

Mr Justice THOMPSON delivered the opinion of the Court.

The question in relation to the expenses of the appellants in New York being the only one now in controversy between the parties, it is unnecessary to notice the proceedings in any other respect.

The·rule laid down by the court·in their direction to the commissioner, we think was entirely correct. The articles of copartnership are not in the record. But the allegation in the bill, and the admission in the answer, touching the agreement between the parties in relation to their expenses, do not materially differ. The bill alleges that each party was to pay his own individual expenses. The answer to this allegation is, that although it was stipulated in the articles of copartnership that each party was to pay his own individual expenses, yet the same was meant and intended to apply when the parties were at home, and not travelling on the business of the concern. This was substantially the construction adopted by the court below, and which we think is the fair and reasonable interpretation of the argument, even standing alone upon the complainant's own statement. It was manifestly intended to apply to private or family expenses, not connected with the business of the partnership. But it would be an unjust and forced construction of the stipulation, to extend it to extra expenses incurred when abroad on the business of the partnership. The stipulation in the memorandum of the 13th of December 1819, upon the dissolution of the partnership, does not embrace this item of expenses. The defendant, Reuben Withers, covenants to render a full, true, and just account to the firm, of all his purchases and transactions in New York, as a member of, or for and on account of the said firm ; and to be liable for all' *debts* or *engagements* which he may have entered into, (if any) ·on account of said house, and for which the said firm may not have received full benefit and advantage. The disbursements of the defendant for his personal expenses cannot, with any propriety, be considered a debt or engagement, within the meaning of this stipulation. It was obviously intended to protect the complainant from all liability for any outstanding claims for goods purchased in New York, and for which the firm had not received the full benefit and advantage.

The cause was afterwards referred back to the commissioner, to reform his report touching these expenses, according to the rule laid down by the court, viz. to allow the defendant his reasonable travelling expenses to and from New York, and the necessary difference between the expense of living at New York and at Alexandria. Upon the coming in of the commiss-

ioner's report, an exception was filed, but overruled by the court, and a final decree entered against the defendant.

The exception taken to the report was in these words:

"The defendant excepts to this report, because it is contrary to evidence, and for other reasons, to be stated more particularly at the hearing."

The record only states generally that the exception was overruled. This does not warrant the conclusion that it was overruled for defect, or insufficiency in point of form. For if this had been the ground of objection, it might have been, and doubtless would have been amended. The latter branch of the exception may be objectionable. But the exception that the report was contrary to evidence, is good in point of form; and we must presume that the court overruled it upon the merits, or, in other words, decided that the report was not contrary to the evidence; and in this we think the court erred.

The commissioner, in his first report, had allowed the defendant, for his expenses in New York, one thousand seven hundred and fifty-six dollars, because the charges were entered in the books of the company, of which entries all the parties were considered by him as having full knowledge. This undoubtedly is the prima facie presumption; and if the complainant knew of the entries, and made no objection, his assent to their allowance would fairly be presumed. But the evidence in the cause is sufficient to rebut this presumption. John Washington, who was a clerk employed by the firm, swears that he was intimately acquainted with the concerns of the co-partnership, and with their mode of transacting business. That John Withers attended mostly to what is called the out door business, and did not attend to the books of the firm. That he has good reason to believe, and does verily believe, that he was entirely ignorant of the state of the books between himself and co-partner. That he never attended to or examined the books. That on his showing him an entry of nine hundred dollars, on account of those expenses, he said they were incorrect, and contrary to their agreement: and before the dissolution of the partnership, he objected to all the defendant's charges for expenses. This, as far as negative evidence can go, shows that the complainant was ignorant of the entries in the books, and ought not to be concluded by them.

The commissioner, in his last report, has estimated the defendant's expenses in New York at one dollar per day; whereas the positive proof, by the testimony of Gordon Miller, is, not only that the customary charge for board at the house where the defendant boarded was ten dollars and eighty-seven cents per week, but that the defendant actually paid that sum, exclusive of extra fire at fifty cents per day. But there is no evidence showing the time he had an extra fire, or what he paid therefor. The report, therefore, cannot be said to be against evidence as to this item. But with respect to .the allowance for board, the report is clearly against the evidence.

The decree of the court below must accordingly be reversed, and the cause sent back, with directions to reform the report of the commissioner, so as to allow the defendant at the rate of ten dollars and eighty-seven cents a week for his expenses in New York, instead of one dollar per day.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the District of Columbia, holden in and for the county of Alexandria, and was argued by counsel; on consideration whereof, it is considered, ordered and decreed by this court, that the decree of the said circuit court in this cause be, and the same is hereby reversed, and that this cause be, and the same is hereby remanded to the said circuit court, with directions to the said court to reform the report of the commissioner, so as to allow the defendant at the rate of ten dollars and eighty-seven cents per week for his expenses in New York, instead of one dollar per day.